UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL YIM,<br><br>PLAINTIFF,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>DEFENDANT. | CIVIL ACTION<br>FILE NO.: |

**I. COMPLAINT FOR DAMAGES**

(Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.)

**COMES NOW,** Plaintiff DANIEL YIM ("Plaintiff"), in the above-styled civil action and brings this Complaint against the above-named Defendants, and in support hereof, shows the Court as follows:

**II. PARTIES AND JURISDICTION**

1. Plaintiff Daniel Yim is an individual residing at 1128 Sadlers Way, Marietta, GA 30068.

2. Defendant United States of America is sued under the Federal Tort Claims Act for the negligent acts and omissions of employees of the United States Postal Service ("USPS") acting within the scope of their employment.

## III. JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1) because this is a civil action for money damages arising from personal injury caused by the negligent acts of employees of the United States acting within the scope of their employment.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b) because the events giving rise to this action occurred within this District and Plaintiff resides here.

5. Plaintiff presented a written claim for money damages in a sum certain to USPS on May 5, 2025, which was finally denied or deemed denied after six months.

6. This lawsuit is filed within six months of the denial or deemed denial, as required by 28 U.S.C. § 2401(b).

## IV. FACTUAL ALLEGATIONS

7. On October 9, 2024, at approximately 6:52 p.m., Plaintiff was operating his 2022 Lexus ES in a lawful manner, traveling north on Pleasant Valley Drive.

8. At the same time and place, Loretha Milcette, an employee of USPS acting within the course and scope of her employment, was operating a USPS 2020 Mercedes Benz Metris (Vehicle ID/License Plate: _____).

9. The USPS employee negligently operated the USPS vehicle in one or more of the following ways:

    a. Failing to ensure the roadway was clear before initiating a left turn;
    b. Failing to yield the right of way to oncoming traffic;
    c. Failing to maintain a proper lookout;
    d. Initiating a left turn into Pleasant Trail when it was unsafe;
    e. Failing to exercise reasonable care under the circumstances.

10. As a direct and proximate result of these negligent acts and omissions, the USPS vehicle struck Plaintiff's vehicle on the passenger side.

11. The above conduct would make a private person liable under Georgia law, for violations of O.C.G.A. § 40-6-71 and O.C.G.A. § 40-6-390.

## V. INJURIES AND DAMAGES

12. As a direct and proximate result of the collision, Plaintiff suffered serious and permanent injuries, including but not limited to cervical and lumbar injuries.

13. Plaintiff has required and continues to require medical treatment.

14. Plaintiff's past medical expenses total approximately $12,005.60. Plaintiff will continue to incur future medical expenses estimated at $5,000.00

15. Plaintiff's vehicle sustained property damage of no less than $5,000.

16. All damages were directly and proximately caused by the negligence of the USPS employee acting within the scope of her employment.

## VI. CAUSE OF ACTION
(Negligence – Federal Tort Claims Act)

17. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

18. The USPS employee owed Plaintiff a duty to operate the vehicle safely and in accordance with Georgia traffic laws.

19. The employee breached that duty through the negligent acts described above.

20. As a direct and proximate result, Plaintiff suffered injuries and damages.

21. Under Georgia law, Plaintiff is entitled to recover damages for all injuries caused by the employee's negligence, and under the FTCA, the United States is liable to the same extent as a private party.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant United States of America for:

a. Compensatory damages in an amount to be proven at trial, which damages sought **do not exceed the amount presented in the SF-95**.

b. Past and future medical expenses;
c. Past and future lost wages and loss of earning capacity;
d. Property damage;
e. Pain and suffering;
f. Costs of suit;
g. Any further relief the Court deems just and proper.

## VIII. NO JURY DEMAND

Under the Federal Tort Claims Act, this action shall be tried to the Court without a jury.

Submitted, Monday, February 2, 2026.

**CS LAW LLC**

*/s/ Christopher S. Lee, Esq.*
Christopher S. Lee
Georgia Bar No. 621342
Attorney for Plaintiff

6035 Peachtree Road
Suite C215
Atlanta, Georgia 30360
Phone: (770) 376-5314
Email: chris@cslawfirmllc.com